Contracts; disputes; timeliness of administrative appeal; administrative discretion to waive lack of timeliness. — This suit involves a 1964 fixed-price contract between plaintiff and General Services Administration for remodeling a building in Washington, D.C. for the Smithsonian Institution. The claim is for increased direct cost to plaintiff and a subcontractor of performing alleged extra work relating to a spray pump and humidifier system. Plaintiff’s appeal was dismissed by the GSA Board of Contract Appeals as untimely, the Board holding that it did not have authority to waive the 30-day appeal provision of the Disputes clause. Plaintiff contends that the contracting officer’s letter of April 5,1967 was not a valid and effective decision sufficient to invoke the *888 mandatory Disputes procedure. In a recommended decision filed December 16,1914 (reported in full at 20 CCF para. 83,-540), Trial Judge Harry E. Wood concluded that the Board was correct in holding that the said letter, in direct response to plaintiff’s repeated demands, was a final and appealable decision within the meaning of the Disputes clause; that plaintiff’s contention that its later claim submitted to the contracting officer was not the claim rejected by the letter is incorrect because installation of the proper pump and humidification system was the subject of both claims; that the holding of the Board that it lacked authority to waive the appeal provision of the Disputes clause is contrary to many opinions of this court, although in accordance with the Board’s own, long-standing course of decision; that the Board should have considered all the relevant circumstances when the concept of discretion-to-waive was invoked; and that the cause should be remanded to the Board with directions to exercise its discretion respecting waiver of plaintiff’s failure to timely appeal the contracting officer’s decision of April 5, 1967. This case came before the court on the joint motion of the parties that the court adopt the said recommended decision, on defendant’s motion for summary judgment. Upon consideration thereof and without oral argument, since the court agrees with the recommended decision, by Order dated April 18, 1975 the court granted the joint motion of the parties to the extent that it adopted the recommended decision as the basis for its judgment in this case, denied defendant’s motion for summary judgment and remanded the case to the GSA Board of Contract Appeals pursuant to this court’s Buie 149 for further proceedings as set forth in the decision, with proceedings in this court suspended accordingly.